FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ DEC 17 2010 ★

BROOKLYN OFFICE

**SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------x

JOHN M. WADE; an individual; NATASHA BROWN, an individual; on behalf of themselves and all others similarly situated,

    Plaintiffs,

vs.

LAW OFFICE OF MARK A. CAREY, a fictitious entity of unknown origin; MARK A. CAREY; an individual; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,

    Defendants.

---------------------------------------------x

**CV10 - 5900**

**CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**

**MATSUMOTO, J.**

**DEMAND FOR JURY TRIAL**

**GO. M.J.**

## I. PRELIMINARY STATEMENT

1. Plaintiffs, JOHN M. WADE ("WADE") and NATASHA BROWN ("BROWN"), on behalf of themselves and all others similarly situated, and demanding a trial by jury, bring this action for the illegal practices of the Defendants who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiffs and others.

2. The Plaintiffs allege that the Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA").

3. Such practices include, *inter alia*:

    (a) Leaving telephonic voice messages for consumers, which fail to provide meaningful disclosure of the Defendants' identity;

    (b) Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a

debt);

(c) Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector; and

(d) Leaving telephonic voice messages for consumers, which fail to disclose that the caller is actually a non-attorney debt collector.

4. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6. The FDCPA applies to lawyers regularly engaged in consumer debt-collection litigation. *Heintz v. Jenkins*, 514 U.S. 291 (1995); *Goldman v. Cohen*, 445 F.3d 152, 155 (2d Cir. 2006).

7. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of

which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations prohibited by that section are: the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

8. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations prohibited by that section are: false representations or implications that any individual is an attorney or that any communication is from an attorney, 15 U.S.C. §1692e(3); the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, 15 U.S.C. § 1692e(11); and the failure by debt collectors to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

9. The Plaintiffs, on behalf of themselves and all others similarly situated, seek statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes. The Plaintiffs, on behalf of themselves and all others similarly situated, request that they and the class members be awarded statutory, common law, punitive, and/or actual damages payable by the Defendants.

## II. PARTIES

10. WADE is a natural person.

11. At all times relevant to this complaint, WADE resided in the Borough of Staten Island, County of Richmond, New York

12. BROWN is a natural person.

13. At all times relevant to this complaint, BROWN resided in the City of Groesbeck, County of Limestone, Texas.

14. At all times relevant to this complaint, LAW OFFICE OF MARK A. CAREY ("CAREY LAW FIRM") is a fictitious entity of unknown origin. CAREY LAW FIRM maintains its principal business address at 338 Harris Hill Avenue, Suite 100, Village of Williamsville, County of Erie, New York.

15. Plaintiffs are informed and believe, and on that basis allege, that MARK A. CAREY is a natural person who, at all times relevant to this complaint, resided in, and is a citizen of the City of Buffalo, County of Erie, State of New York.

16. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs. Plaintiffs will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

17. The Plaintiffs are informed and believe, and on that basis allege, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of CAREY LAW FIRM that are the

subject of this complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by CAREY LAW FIRM and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

### III. JURISDICTION & VENUE

18. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

19. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of BROWN and WADE occurred within this federal judicial district, and because Defendants are subject to personal jurisdiction in the State of New York at the time this action is commenced.

20. BROWN joins her claims with WADE pursuant to Fed. R. Civ. P. 20(a)(1) because those claims are with respect to or arise out of the same occurrence or series of transactions or occurrences as the claims of WADE, and a question of law or fact is common to all Plaintiffs and the putative class they seek to represent.

### IV. FACTS CONCERNING JOHN M. WADE

21. Sometime prior to April 12, 2010, WADE allegedly incurred a financial obligation ("Wade Obligation").

22. The Wade Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

23. Defendants contend that the Wade Obligation is in default.

24. The alleged Wade Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

25. WADE is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

26. WADE is informed and believes, and on that basis alleges, that sometime prior to April 12, 2010, the creditor of the Wade Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to CAREY LAW FIRM for collection.

27. Within the one year immediately preceding the filing of this complaint CAREY LAW FIRM contacted WADE on multiple occasions via telephone in an attempt to collect the Wade Obligation.

28. On at least the date of April 12, 2010, CAREY LAW FIRM left WADE a telephonic voice message on his home telephone voicemail system, which is transcribed as follows:

> "This message is being left for Johnny Swade. Mr. Swade this is Mr. Sergeant with the law offices of Mark A. Carey. I was calling with regards to a civil complaint that was filed here with the firm naming you as the named respondent in a civil complaint to be filed in Richmond County. I can be reached by you or your attorney immediately at area code 716-748-6058 extension 355. When calling give Case Number 148-394."

29. On at least the date of April 20, 2010, CAREY LAW left WADE a telephonic voice message on his home telephone voicemail system, which is transcribed as follows:

> "This message is being left for Johnny Swade. Mr. Swade Mr. Sergeant with the law offices of Mark A. Carey. Mr. Swade I was calling with regards to a civil complaint that was filed here with our firm. We'll need to speak with either yourself or corresponding legal counsel immediately. Reach us at area code 716-748-6058 extension 355. When calling give Case Number 148-394."

30. Mr. Sergeant is not an attorney and, therefore, is not licensed to practice law in the State of New York or any other State.

31. At no time did Mr. Sergeant indicate in the foregoing Message that he is actually a non-attorney debt collector.

32. At the time WADE received the above telephonic voice message, he did not know the identity of caller.

33. At the time WADE received the above telephonic voice message, he did not know that the caller was a debt collector.

34. At the time WADE received the above telephonic voice message, he did not know that the call concerned the collection of a debt.

35. The telephone number 716-748-6058 is answered by is answered by persons who are employed by CAREY LAW FIRM as non-attorney "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

36. To date, WADE has not received any written correspondence from CAREY LAW FIRM.

### V. FACTS CONCERNING NATASHA BROWN

37. Sometime prior to April 15, 2010, BROWN allegedly incurred a financial obligation ("Brown Obligation").

38. The Brown Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

39. Defendants contend that the Brown Obligation is in default.

40. The alleged Brown Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

41. BROWN is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

42. BROWN is informed and believes, and on that basis alleges, that sometime prior to April 15, 2010, the creditor of the Brown Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to CAREY LAW FIRM for collection.

43. Within the one year immediately preceding the filing of this complaint CAREY LAW FIRM contacted BROWN on multiple occasions via telephone in an attempt to collect the Brown Obligation.

44. On at least the date of April 15, 2010, CAREY LAW FIRM left BROWN a telephonic voice message on her home telephone voicemail system, which is transcribed as follows:

> "Yes Natasha this is Denisha calling from the Mark Carey Law Office. I need you to return my call in regards to the petition that is filed against you and is scheduled to be filed in county court. My number is 866-499-4041 my extension is 311."

45. Denisha is not an attorney and, therefore, is not licensed to practice law in the State of Texas or any other State.

46. At no time did Denisha indicate in the foregoing Message that she is actually a non-attorney debt collector.

47. At the time BROWN received the above telephonic voice message, she did not know the identity of caller.

48. At the time BROWN received the above telephonic voice message, she did not know that the caller was a debt collector.

49. At the time BROWN received the above telephonic voice message, she did not know that the call concerned the collection of a debt.

50. The telephone number 866-499-4041 is answered by is answered by persons who are employed by CAREY LAW FIRM as non-attorney "debt collectors" as that term is defined

by 15 U.S.C. § 1692a(6).

51. To date, BROWN has not received any written correspondence from CAREY LAW FIRM.

## VI. FACTS COMMON TO ALL PLAINTIFFS

52. CAREY LAW FIRM collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

53. CAREY LAW FIRM is a "debt collector" as defined by 15 U.S.C. § 1692a(6)

54. MARK A. CAREY is a principal owner, director, shareholder, and manager of CAREY LAW FIRM.

55. MARK A. CAREY attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

56. MARK A. CAREY personally implemented, and with knowledge such practices were contrary to law, acted consistent with, managed, and oversaw the illegal policies and procedures used by other employees of CAREY LAW FIRM.

57. MARK A. CAREY is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

58. Within the one year immediately preceding the filing of this complaint, CAREY LAW FIRM placed telephone calls to Plaintiffs and left scores of telephonic voice messages ("Messages") on their cellular and home telephone answering systems.

59. Each of the Messages was left by persons employed by CAREY LAW FIRM as a non-attorney "debt collector" as defined by 15 U.S.C. § 1692a(6).

60. Each of the Messages was left in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

61. Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

62. The telephone number "866-499-4041" is answered by non-attorney debt collectors employed by CAREY LAW FIRM.

63. Each of the Messages uniformly failed to disclose that the communication was from a debt collector.

64. Each of the Messages uniformly failed to disclose that the communication was from a non-attorney debt collector.

65. Each of the Messages uniformly failed to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

66. At the time Plaintiffs received the Messages, they did not know that the calls were from a debt collector.

67. At the time Plaintiffs received the Messages, they did not know that the calls were from a non-attorney.

68. At the time Plaintiffs received the Messages, they did not know that the calls concerned the collection of a debt.

69. CAREY LAW FIRM's act of leaving the Messages for Plaintiffs is conduct the natural consequences of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA.

70. CAREY LAW FIRM's act of leaving the Messages for Plaintiffs constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt and is in violation of the FDCPA.

71. The FDCPA secures the consumer's right to have a debt collector cease further communications with the consumer. By failing to meaningfully identify itself, disclose the purpose of its call and that CAREY LAW FIRM is a debt collector in a manner understandable to the least sophisticated consumer, CAREY LAW FIRM has engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications.

## VII. POLICIES AND PRACTICES COMPLAINED OF

72. It is the Defendants' policy and practice to leave telephonic voice messages for consumers and other persons, such as the Messages, that violate the FDCPA by uniformly failing to:

    (a) Provide meaningful disclosure of CAREY LAW FIRM's identity;

    (b) Disclose the purpose or nature of the communication (i.e. an attempt to collect a debt);

    (c) Disclose that the call is from a debt collector; and

    (d) Disclose that the caller is actually a non-attorney debt collector.

73. On information and belief, the Messages, as alleged in this complaint under the Facts Concerning Plaintiffs, number at least in the hundreds.

## VIII. CLASS ALLEGATIONS

74. This action is brought as a class action. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

75. This claim is brought on behalf of a Plaintiff Class, consisting of a class of (a) all persons with addresses in the United States, (b) for whom CAREY LAW FIRM left a telephonic voice message, in the form of the Messages, (c) that failed to identify the caller as a debt

collector, state that the call was for collection purposes, or which failed to state that the caller was a non-attorney, (d) made in connection with CAREY LAW FIRM's attempt to collect a debt, (e) which Messages violate the FDCPA, (f) during a period beginning one year prior to the filing of this initial action and ending 21 days after the filing of this Complaint.

76. The identities of all class members are readily ascertainable from the records of CAREY LAW FIRM and those businesses and/or governmental entities on whose behalf CAREY LAW FIRM seeks to collect debts.

77. Excluded from the Plaintiff Class are the Defendants and all of their respective officers, members, partners, managers, directors, and employees of the Defendants and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

78. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are: whether the Defendant's telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6), 1692e(3), and 1692e(11).

79. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

80. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorney have any interests, which might cause them not to vigorously pursue this action.

81. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a

well-defined community interest in the litigation:

 (a) **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

 (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6), 1692e(3), and 1692e(11).

 (c) **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

 (d) **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

 (e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

82. Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendants, who, on information and belief, collect debts throughout the United States of America.

83. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Messages violate 15 U.S.C. §§ 1692d(6), 1692e(3), and/or 1692e(11) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

84. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## IX. FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

85. Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint.

86. Defendants violated the FDCPA. Defendants' violations with respect to the Messages include, but are not limited to, the following:

(a) Placing telephone calls without providing meaningful disclosure of CAREY LAW FIRM's identity as the caller in violation of 15 U.S.C. § 1692d(6);

(b) Leaving telephonic voice messages which fail to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt) in violation of 15 U.S.C. § 1692d(6);

(c) Making false, deceptive, and misleading representations that the person leaving the Messages is an attorney or that the subject communication is from, or authorized by, an attorney in violation of 15 U.S.C. § 1692e(3);

(d) Failing to disclose in its initial communication with the consumer, when that communication is oral, that CAREY LAW FIRM is attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11); and

(e) Failing to disclose in all oral communications that CAREY LAW FIRM is a debt collector in violation of 15 U.S.C. §1692e(11).

## X. PRAYER FOR RELIEF

87. WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and in favor of the Plaintiff Class as follows:

A. **For the FIRST CAUSE OF ACTION:**

(i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing WADE, BROWN, and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

(ii) An award of the maximum statutory damages for WADE, BROWN, and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii) Declaratory relief adjudicating that CAREY LAW FIRM's telephone messages violate the FDCPA;

(iv) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(v) For such other and further relief as may be just and proper.

## XI. JURY DEMAND

Plaintiffs hereby demand that this case be tried before a Jury.

DATED:   Fresh Meadows, New York
December 16, 2010

*/s/ Wm. F. Horn*
WILLIAM F. HORN, ESQ. (WH-1070)
Law Office of William F. Horn
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile: (866) 596-9003
E-Mail: bill@wfhlegal.com

*Attorney for Plaintiffs, John Wade and Natasha Brown, and all others similarly situated*