UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------x

JOHN M. WADE; an individual; NATASHA BROWN, an individual; on behalf of themselves and all others similarly situated,

       Plaintiffs,

   vs.

LAW OFFICE OF MARK A. CAREY, a fictitious entity of unknown origin; MARK A. CAREY; an individual; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,

       Defendants.

---------------------------------------x

CASE NO. 1:10-cv-05900-KAM-MDG

**DECLARATION OF WILLIAM F. HORN, ESQ. IN RESPONSE TO COURT'S ORDER REQUESTING STATUS OF CASE**

I, William F. Horn, of full age, hereby certify as follows:

  1. I am an attorney at law of the State of New York and the Bar of this Court. I have been retained to serve as counsel for Plaintiffs, John M. Wade and Natasha Brown, in this action. As such, I am familiar with all of the facts set forth herein and state them to be true.

  2. I am submitting this Declaration in response to this Court's Order dated April 19, 2011 which reminded Plaintiffs "that Rule 4(m) of the Federal Rules of Civil Procedure requires that service be completed within 120 days after commencement of an action and that this Court may sua sponte dismiss an action for failure to effectuate timely service." [Doc. 2]. The Court's Order further stated that "[I]f timely service cannot be made, plaintiffs may move the Court for leave to extend the time for service pursuant to Fed. R. Civ. P, 4(m)…."

  3. On June 9, 2011, the Court alerted Plaintiffs to the fact that it had yet to receive a status report or a motion for default, and generously extended to June 23, 2011, the time for Plaintiffs to file either a status report or a motion for default.

4. I take the Federal Rules of Civil Procedure, the Local Rules of this Court, and this Court's orders very seriously. To that end, I endeavor to promptly abide by court-ordered deadlines, especially those that concern the filing of documents with the court. As a matter of general practice, I immediately serve the summons and complaint on any and all defendants against whom my clients have commenced a civil action, and then promptly file the certificate of service.

5. Unfortunately, despite being licensed in the State of New York and using an address in the State of New York, the Defendants in this action (a licensed New York attorney and his law firm), were actively avoiding service and were, in fact, doing the same to other plaintiffs' attorneys across the United States with whom I have communicated.

6. I have attached for the Court's review, **_Exhibit A_** which is a copy of the Affidavit of Failed Service, supplied by my process server. The attached Affidavit of Failed Service indicates that my process server first attempted service on Defendant Mark A. Carey and his law firm, Defendant Law Office of Mark A. Carey, on December 28, 2010, and continued such attempts through January 18, 2011.

7. My process server in the Buffalo area attempted service of process on numerous addresses that purportedly belong to Defendants, including the address that Defendants listed with the New York State Bar as being their current place of business, which is listed as 131 Park Avenue, Buffalo, New York 14216-2816. See, **_Exhibit B_**. Pursuant to my process server's investigation, neither of the Defendants have any connection to this address. *Cf.* **_Exhibits A&B_**. Furthermore, my process server's attempts to serve Defendant Mark A. Carey at his registered home address proved equally unsuccessful.

8. As a result of the foregoing failed attempts to serve the Defendants, my law firm has spent a substantial amount of time and money over the following five months to locate and serve the Defendants with process. In connection with these efforts my law firm staff and I have personally communicated with many attorneys and consumers throughout the United States who are searching diligently for these Defendants.

9. After continued attempts to locate Mr. Carey proved unsuccessful, I eventually obtained a tip that indicated he was practicing law in the State of Georgia despite the fact that his license to practice law in that state has been suspended.

10. I moved ahead, in conjunction with another plaintiff's attorney, Dale Pittman of Virginia, by hiring a private investigator in the State of Georgia to locate and serve Mr. Carey. Attached hereto as **_Exhibit C_** is a copy of an Order to Show Cause directed to the Defendants by the U.S. District Court for the Eastern District of Virginia to explain, "why they should not be found in civil contempt of this Court's previous Orders and be subject to the imposition of sanctions." As discussed at length in **_Exhibit C_**, the Defendants in the Virginia case have thwarted that court's orders and actively evaded service of court documents. The Plaintiffs in this case have suffered the same conduct and frustrations by the Defendants as did the plaintiff in the Virginia case.

11. As evidenced by the Court's docket, my private investigator in the State of Georgia was eventually able to find Mr. Carey in Suwanee, Georgia on June 9, 2011, at which time he served the Defendants with the Summons and Complaint in this action (as well as serving him with **_Exhibit C_** on behalf of attorney Pittman). [Docs. 4 and 5].

12. After service and receipt of the affidavits of service from my process server, my office immediately filed such affidavits of service with the Court.

13. With all due respect to the Court, I regret and respectfully apologize for the lengthy delay that has occurred with respect to Plaintiffs' efforts to serve process on the Defendants and any burden that it has caused the Court. I take this lawsuit and all my cases very seriously will do my best in the future to keep the Court appropriately advised of the status of this action.

*In accordance with 28 U.S.C. §1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 23rd day of June 2011, at Fresh Meadows, New York.*

DATED:   Fresh Meadows, New York
             June 23, 2011

*s/ William F. Horn*
William F. Horn, Esq. (WH-1070)
LAW OFFICE OF WILLIAM F. HORN
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile:  (866) 596-9003
E-Mail: bill@wfhlegal.com

*Attorney for Plaintiffs, John Wade and Natasha Brown, and all others similarly situated*

# EXHIBIT A

| ATTORNEY | WFH | ATT | | |
|---|---|---|---|---|

UNITED STATES DISTRICT C  
EASTERN DISTRICT OF NEW YORK

INDEX # 1:10-CV-05900-KAM-M  
D/O/F 12/17/2010

JOHN M. WADE, AN INDIVIDUAL; NATASHA BROWN, AN INDIVIDUAL: ET AL

*PLAINTIFF/PETITIONER*

**AFFIDAVIT OF ATTEMPTED SERVICE**

LAW OFFICE OF MARK A. CAREY, A FICTITIOUS ENTITY OF UNKNOWN ORIGIN; ET AL

*DEFENDANT/RESPONDENT*

Erie County, New York State; **TED KWIATKOWSKI** being sworn,
says: Deponent is not a party herein, is over the age of 18 years and resides in the State of New York.

on **12/28/2010** at **11:31 AM** at **338 HARRIS HILL AVENUE, SUITE 100, WILLIAMSVILLE, NY 14221**

Deponent attempted to serve the within **SUMMONS, COMPLAINT AND CIVIL CASE COVER SHEET BEARING INDEX NO & FILING DATE**

On **LAW OFFICE OF MARK A. CAREY**          DEFENDANT

and is unable to effect same to wit:

**DEPONENT WAS ADVISED THAT THIS IS NO LAW FIRM OF MARCK CAREY HERE.**

Sworn to before me on **Monday, January 17, 2011**

SARA E. VALLONE  
NOTARY PUBLIC-STATE OF NEW YORK  
No. 01VA6215350  
Qualified in Erie County  
My Commission Expires December 28, 2013

**TED KWIATKOWSKI**          AFF 161867

| | | |
|---|---|---|
| ATTORNEY   WFH | ATT | |

UNITED STATES DISTRICT C  
EASTERN DISTRICT OF NEW YORK

INDEX # 1:10-CV-05900-KAM-M  
D/O/F 12/17/2010

JOHN M. WADE, AN INDIVIDUAL; NATASHA BROWN, AN INDIVIDUAL: ET AL

PLAINTIFF/PETITIONER

AFFIDAVIT OF ATTEMPTED SERVICE

LAW OFFICE OF MARK A. CAREY, A FICTITIOUS ENTITY OF UNKNOWN ORIGIN; ET AL

DEFENDANT/RESPONDENT

Erie County, New York State;   **TED KWIATKOWSKI**   being sworn,
says: Deponent is not a party herein, is over the age of 18 years and resides in the State of New York.
on  12/28/2010  at  11:31 AM  at  338 HARRIS HILL, SUITE 100, WILLIAMSVILLE, NY 14221
Deponent attempted to serve the within   SUMMONS, COMPLAINT AND CIVIL CASE COVER SHEET BEARING INDEX NO & FILING DATE

On   MARK A. CAREY                           DEFENDANT

and is unable to effect same to wit:

**DEPONENT WAS ADVISED THAT THERE IS NO MARK A. CAREY HERE. ON 12/28/10 AT 1:06 PM DEPONENT ATTEMPTED SERVICE AT 131 N. PARK AVE., BUFFALO, NY 14216 AND WAS NOT ABLE TO MAKE CONTACT. ON 1/5/11 @ 11:07 AM DEPONENT WAS ADVISED BY AN DOWNSTAIRS TENANT THAT MR. CAREY RESIDES UPSTAIRS. ON 1/5/11 AT 7:20PM LIGHTS WERE ON BUT THERE WASN'T AN ANSWER AT THE DOOR. ON 1/10/11 AT 6:00 PM SAME FEMALE STATED MARK IS OUT OF TOWN A LOT AND STATED THAT MARK LIVES IN THE MIDDLE APARTMENT, BUT THERE IS NOT MIDDLE APARTMENT VISIBLE TO DEPONENT. DEPONENT ATTEMPTED SERVICE AT 8313 WEST POINT DR., E. AMHERST, NY 14051 AND WAS ADVISED BY A NEIGHBOR THAT A KRISTA MORRIS JUST MOVED IN. PUBLIC RECORDS SHOW THAT THIS IS MARK'S SPOUSE AND WAS VERIFIED BY SGT. DIDO WITH THE POLICE DEPARTMENT.**

Sworn to before me on   **Monday, January 17, 2011**

SARA E. VALLONE  
NOTARY PUBLIC-STATE OF NEW YORK  
No. 01VA6215350  
Qualified in Erie County  
My Commission Expires December 28, 2013

TED KWIATKOWSKI        AFF 161868

# EXHIBIT B



# New York State Unified Court System

Welcome
Attorney Search
Resources
Attorney Registration
E-Courts
Contact Us

COURTS
LITIGANTS
ATTORNEYS
JURORS
JUDGES
CAREERS
SEARCH

## eCourts

### *Attorney Detail*

*as of 11/16/2010*

| | |
|---|---|
| **Registration Number:** | 4084729 |

**MARK ANTHONY CAREY**
131 PARK AVE
BUFFALO, NY 14216-2816
United States
(716) 923-5394

| | |
|---|---|
| **Year Admitted in NY:** | 2001 |
| **Appellate Division Department of Admission:** | 4 |
| **Law School:** | THOMAS M. COOLEY |
| **Registration Status:** | Currently registered |
| **Next Registration:** | May 2011 |

The Detail Report above contains information that has been provided by the attorney listed, with the exception of REGISTRATION STATUS, which is generated from the OCA database. Every effort is made to insure the information in the database is accurate and up-to-date.

The good standing of an attorney and/or any information regarding disciplinary actions must be confirmed with the appropriate Appellate Division Department. Information on how to contact the **Appellate Divisions** of the Supreme Court in New York is available at www.nycourts.gov/courts.

If the name of the attorney you are searching for does not appear, please try again with a different spelling. In addition, please be advised that attorneys listed in this database are listed by the name that corresponds to their name in the Appellate Division Admissions file. There are attorneys who currently use a name that differs from the name under which they were admitted. If you need additional information, please contact the NYS Office of Court Administration, Attorney Registration Unit at 212-428-2800.

www.NYCOURTS.gov

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| NOEL BRALLEY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL NO. 3:10cv138-REP-DWD |
| ) | |
| MARK A. CAREY, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court for the resolution of a non-dispositive matter pursuant to 28 U.S.C. § 636(b)(1)(A) on Plaintiff's Motion for Order to Show Cause (Docket No. 39). The Defendants have not responded to the motion and the deadline for any response has now expired. The Court is satisfied that the Defendants do not intend to comply with this Court's previous Order compelling post-judgment discovery (Docket No. 37). Such intention is apparent where the Defendants are an attorney and a law firm, both formerly represented by counsel in this proceeding, and where each has appeared before this Court throughout the proceedings until the entry of final judgment. Accordingly, the Court hereby GRANTS Plaintiff's Motion for Order to Show Cause (Docket No. 39). The Defendants are hereby ORDERED TO SHOW CAUSE why they should not be found in civil contempt of this Court's previous Orders and be subject to the imposition of sanctions.

The Court notes as further justification for its directive that, since January 18, 2011, Defendant Carey has proceeded in a *pro se* capacity, and Plaintiff has been accordingly ordered by this Court to serve any further documents on Defendant in his individual capacity (Docket

No. 26).  Yet, the Court notes that Defendant Carey has been completely unresponsive to Plaintiff's attempts at service thus far, including attempts to serve him at his last known address. In fact, Plaintiff has attempted service on Defendant Carey at no less than five separate addresses, and some, but not all, of these attempts have been returned as "undeliverable."  The Court is therefore satisfied that sufficient notice has been attempted to satisfy all Due Process concerns.  In this regard, the Court notes the cases of Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address.") and In re Davis, 275 B.R. 864, 866 (8th Cir. 2002) ("The due process requirement is satisfied where a party is provided with 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'") (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

However, in the abundance of caution, the Plaintiff is hereby ORDERED to again attempt personal service of this Order on Defendant Mark A. Carey, Esq., and if such service cannot be obtained after reasonably diligent efforts, to document those efforts undertaken.  Upon any failure to obtain personal service, the Plaintiff shall file a declaration setting forth those efforts undertaken and executed by whoever has undertaken those efforts.

Let the Clerk file this Order electronically, notifying counsel accordingly, and transmit by U.S. Mail a copy to all Defendants at each of their last-known addresses, as listed at page 3 of the Plaintiff's Motion for Order to Show Cause (Docket No. 39).

It is so Ordered.

                        /s/
                Dennis W. Dohnal
                United States Magistrate Judge

Richmond, Virginia
Dated: June 3, 2011